Howard WAHPEKECHE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-13995.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1966.

Rehearing Denied Nov. 14, 1966.

Joe S. Rolston, III, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Todd W. Markum, Asst. Municipal Counselor, for defendant in error.

NIX, Judge.

Howard Wahpekeche, hereinafter referred to as the defendant, was charged by two informations in the Municipal Criminal Court of the City of Oklahoma City, State of Oklahoma. Case #159 charged defendant with Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor; and, Case #160 with Operating a Motor Vehicle at a Speed of 45 mph. in a posted 30 mph. Zone, in violation of the Ordinances of the City of Oklahoma City, Oklahoma.

Defendant appeared before said court on January 10, 1966, and entered pleas of guilty to both charges. He was fined $20.00, and judgment and sentence was pronounced at that time.

On January 18, 1966, defendant filed Motion to Vacate and Set Aside Judgment, Withdraw Guilty Plea, and Motion for New Trial. Not until March 21, 1966, were these motions overruled—*and at that time*—defendant filed notice of intent to appeal to the Court of Criminal Appeals.

In order to perfect an appeal from a judgment of conviction in a criminal case, it is mandatory that notice of intent to appeal and request for casemade, both in writing, be given in open court at the time of judgment and sentence, or within ten days thereafter. 22 O.S. § 1060 (1965).

This Court has repeatedly held that an appeal may be taken as a matter of right from a judgment of conviction, but that the manner of taking such appeal is a matter of legislative control, and the statutes prescribing the manner in which an appeal can be taken is mandatory. See, Houston v. State, Okl.Cr., 409 P.2d 377.

The failure to comply with the sections relating to taking an appeal (Title 22, Okl.St.Ann. § 1054 and § 1060, supra) is fatal.

Judgment and sentence was rendered on January 10, 1966, and notice of intent to appeal and request for casemade should have been filed by January 20, 1966, but were not filed until March 21, 1966 after the motions had been ruled on.

Therefore, this Court could not acquire jurisdiction,, and the attempted appeal is hereby Dismissed, the Judgment and Sentence affirmed.

BUSSEY, P. J., and BRETT, J., concur.